IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosa Alba Licon as Personal Representative of the Estate of Clemente Licon,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>South Carolina Department of Corrections,<br><br>　　　　　　　Defendants. | Case No.: 1:21-4019-JD-SVH<br><br><br>**OPINION & ORDER** |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) of the District of South Carolina.[1] Plaintiff Rosa Alba Licon, as Personal Representative of the Estate of Clemente Licon ("Licon" or "Plaintiff"), filed this action in State Court on November 8, 2021. Defendant South Carolina Department of Corrections ("SCDC" or "Defendant") removed this matter to this Court on December 13, 2021. (DE 1.) Licon's Complaint against SCDC asserts three causes of action – (1) survival action pursuant to S.C. Code Ann. § 15-5-90, (2) wrongful death pursuant to S.C. Code Ann. § 15-51-10, and (3) violation of constitutional rights under 42 U.S.C. § 1983 – all arising out of an assault of her son which resulted in his death while he was in SCDC custody. (DE 1-1.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

SCDC filed a Motion for Judgment on the Pleadings (DE 12), asserting "that Plaintiff's survival and wrongful death causes of action are barred by the applicable statute of limitations, and Plaintiff's third cause of action should be dismissed because SCDC is not a person for purposes of § 1983[,] and SCDC is entitled to Eleventh Amendment immunity." (DE 12, p. 2.) Licon filed a response in opposition (DE 15), and SCDC filed a reply (DE 16). On July 20, 2022, the magistrate judge issued the Report, recommending that Defendant's Motion for Judgment on the Pleadings be granted. (DE 17.) The Report found that Licon's survival action and wrongful death claims were not filed until November 8, 2021, and are thus barred by the South Carolina Tort Claims Act's two-year statute of limitations. As to Licon's Section 1983 claim, the Report found that Licon had not raised a plausible claim for relief under Section 1983 because SCDC does not qualify as a person subject to suit under the statute, and SCDC has immunity under the Eleventh Amendment. (DE 17.) For the reasons stated below, the Court adopts the Report in part and modifies in part; and therefore, grants SCDC's motion in part as provided herein.

## BACKGROUND

Licon's son was assaulted and beaten brutally about the head and body by his cellmate until he was non-responsive while he was incarcerated at SCDC's Broad River Correctional Institution. (DE 1-1, p. 3.) Licon alleges the decedent was at some point dragged in a manner not appropriate to that of a human by guards and/or prison personnel through the prison after he was cruelly beaten and not protected by the Defendant's employees. Medical assistance was not immediately called. The decedent was later taken to Prisma Health Baptist where he remained on life support and non-responsive until May 24, 2019, when he was pronounced brain dead from blunt force trauma to the head. (Id.)

**LEGAL STANDARD**

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is assessed under the same standard that applies to a Rule 12(b)(6) motion. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). The Court applies the same standard of review to a Rule 12(c) motion as it would to a Rule 12(b) motion. See Edwards v. City of Goldsboro, 179 F.3d 231, 243-44 (4th Cir. 1999). However, in addressing a Rule 12(c) motion, the Court may consider the Answer and attached exhibits in addition to the Complaint. The Answer's factual allegations are taken as true to the extent they do not contradict the factual allegations in the Complaint. See Seneca Ins. Co. v. Shipping Boxes I, LLC, 30 F. Supp. 3d 506, 510 (E.D. Va. 2014) (citation omitted). The standard for review tests only the sufficiency of the complaint; it does not resolve the merits of the plaintiff's claims or any disputes of fact. See Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012). "The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Tollison v. B & J Mach. Co., Inc., 812 F. Supp. 618, 619 (D.S.C. 1993) (quoting Smith v. McDonald, 562 F. Supp. 829, 842 (M.D.N.C. 1983)). Thus, a motion for judgment on the pleadings "should be granted when, accepting the facts as set forth in the pleadings, the case can be decided as a matter of law." Crutchfield v. Pfizer Inc., No. 2:12-1462-RMG, 2013 WL 2897023, at *3 (D.S.C. June 13, 2013).

**DISCUSSION**

On August 3, 2022, Plaintiff filed an objection to the Report.[2] (DE 19.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] Licon initially challenged SCDC's statute of limitations defense by alleging the statute was tolled pursuant to S.C. Code Ann. § 62-3-802. The Report rejected this defense because the tolling provision in this section of the probate code applies to creditors. (DE 17, pp. 4-5.) However, after the Report was filed, Plaintiff filed a motion to reconsider which stated: "Plaintiff's counsel inadvertently and mistakenly made an error in citing the wrong statute, however, the statute has the same effect and analysis. . . [and] there is a tolling statute that specifically tolls a cause of action of a decedent in plain language and applies here." (DE 18.) Specifically, Licon cites to S.C. Code Ann. § 62-3-109, which provides, "[t]he running of any statute of limitations on a cause of action belonging to a decedent which had not been barred as of the date of his death is suspended during the eight months following the decedent's death but resumes thereafter unless otherwise tolled." In turn, the Court will consider this defense as part of its modification to the Report.

Upon review, Licon raises the following objections: 1) the Probate statute tolls the South Carolina Tort Claims Act's ("SCTCA" or "TCA") two-year statute of limitation for Licon's wrongful death and survival action claims, 2) Licon's Section 1983 action against the SCDC is authorized under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 660, 98 S. Ct. 2018, 2020 (1978), and 3) South Carolina has waived its Eleventh Amendment immunity for actions covered in S.C. Code Ann. § 15-78-60(25). The Court addresses the objections *seriatim*.

First, Licon's wrongful death and survival causes of action fall under the SCTCA, which provides for a two-year statute of limitations. <u>See</u> S.C. Code Ann. § 15-78-110; <u>see also</u> S.C. Code Ann. § 15-78-20(b) (stating the "remedy provided by [the SCTCA] is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)."). However, Licon objects to the Report's finding that her tort claims are untimely under the SCTCA because she is entitled to the tolling provision found in S.C. Code Ann. § 62-3-109. The Court agrees as to Licon's Survival cause of action. The Probate statute provides, "[t]he running of any statute of limitations on a cause of action belonging to a decedent which had not been barred as of the date of his death is suspended during the eight months following the decedent's death but resumes thereafter unless otherwise tolled." S.C. Code Ann. § 62-3-109.) Here, Licon alleges that the decedent suffered injuries and was declared dead two days later. The decedent's personal injury cause of action was not barred as of the date of his death. South Carolina law provides a "[c]ause of action for and in respect to any and all injuries . . . and all injuries to the person . . . shall survive both to and against the personal or real representative . . . of a deceased person . . . any law or rule to the contrary notwithstanding." S.C. Code Ann. § 15-5-90; <u>see also</u> <u>Collins v. R.J. Reynolds Tobacco Co.</u>, 901 F. Supp. 1038 (D.S.C. 1995) (applying

the eight month tolling provision for a survival action). Accordingly, Licon's survival claim is not time-barred because the estate has an additional eight months to bring a survival claim in this case.

Conversely, a plain reading of the cited statute holds true regarding Licon's wrongful death claim which must not have "been barred as of the date of his death." See S.C. Code Ann. § 15-51-20 (A wrongful death claim belongs only to a decedent's estate and the statutory beneficiaries). Here, this claim did not accrue until Clemente Licon died. See Hill v. Abbott Labs., No. 6:19-cv-01011-DCC, 2020 U.S. Dist. LEXIS 150210, at *8 (D.S.C. Aug. 19, 2020) (finding that "the eight-month tolling period applies to claims that accrue prior to the decedent's death. Here, the wrongful death cause of action accrued upon his death."). Although the Report did not include an analysis with respect to S.C. Code Ann. § 62-3-109, the Court nevertheless overrules Licon's objection as to an additional eight months on the two-year statute of limitations for the Wrongful Death cause of action.

As to Licon's Monell objection regarding SCDC as the only named defendant, the Report comprehensively and ably addressed this argument. (See DE 17, pp. 5-9.) To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Nevertheless, Licon states, "[i]n *Monell,* the Supreme Court concluded as a matter of statutory interpretation that municipalities qualify as 'person[s]' for Section 1983 purposes" and "[t]he TCA requires a Plaintiff to name ONLY a state agency when alleging misconduct of SCDC employees within the course and scope of

employment." (DE 19, pp. 7-8.) However, the Report notes, "Plaintiff fails to argue, and the court cannot discern, what in *Monell* would indicate that SCDC should be characterized as a municipality or local government unit such that it would be characterized as a 'person' for § 1983 purposes, . . . ." (DE 17, p. 8.) Therefore, the Court overrules Licon's objection and dismisses SCDC from Licon's Section 1983 cause of action.

Lastly, Licon contends that SCDC's Eleventh Amendment immunity defense must fail because South Carolina has waived its immunity for actions covered in S.C. Code Ann. § 15-78-60(25). The Court disagrees. As a threshold matter, under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. See Fauconier v. Clarke, 966 F.3d 265, 279 (4th Cir. 2020); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As noted in the Report, South Carolina has not consented to suit in federal district court. See S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Therefore, Licon's objection must fail. However, Licon is correct that a state *may* otherwise waive Eleventh Amendment immunity. While not addressed by the parties,[3] the Court *sua sponte* finds that SCDC has done so here.

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States'

---

[3]  Licon cites to Lapides v. Bd. of Regents, 535 U.S. 613 (2002) but does not raise it to support waiver by removal.

extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand. And a Constitution that permitted States to follow their litigation interests by freely asserting both claims in the same case could generate seriously unfair results. Thus, it is not surprising that more than a century ago this Court indicated that a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity.

<u>Lapides v. Bd. of Regents</u>, 535 U.S. 613, 619 (2002). Reviewing the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., SCDC removed this action to federal court requesting that it accept jurisdiction. (DE 1.) Accordingly, SCDC's voluntary appearance in federal court amounts to a waiver of its Eleventh Amendment immunity.

Given this Court's determination that SCDC's Eleventh Amendment immunity has been waived, and the fact Licon has alleged conduct by employees of SCDC and she has requested any adjudication of her Section 1983 action be without prejudice, the Court grants Licon 10 days to amend her complaint to name individual defendants to resolve this deficiency.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein.

It is, therefore, **ORDERED** that Defendant SCDC's Motion for Judgment on the Pleadings (DE 12) is granted in part and denied in part as provided herein.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 28, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.