IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosa Alba Licon as Personal Representative of the Estate of Clemente Licon, <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Corrections, Officer Hunter Peterson, Officer Micquel Cleveland, Officer Thomas Pattman, Officer Tucker-Allen, Major James Parrish, Associate Warden Lashawn Peeples, and Warden Michael Stephan, <br><br> Defendants. | Case No.: 1:21-4019-JD-SVH <br><br><br><br> **ORDER** |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(f) of the District of South Carolina.[1] Plaintiff Rosa Alba Licon, as Personal Representative of the Estate of Clemente Licon ("Licon" or "Plaintiff"), has filed a motion for an extension of time in which to serve defendants Officer Thomas Pattman and Livingston. (DE 40.) Defendants oppose the motion and have filed a response in opposition to the motion. (DE 41.) By way of background, Plaintiff filed an amended complaint on December 8, 2022, listing the following Defendants in the caption: South Carolina Department of Corrections ("SCDC");

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Officer Hunter Peterson ("Peterson"); Officer Miquel Cleveland ("Cleveland"); Officer Thomas Pattman ("Pattman"); Officer Tucker-Allen ("Tucker-Allen"); Major James Parrish ("Parrish"); Associate Warden Lashawn Peeples ("Peeples"); and Warden Michael Stephan ("Stephan"). (DE, 25.) Captain Livingston ("Livingston") was not listed in the caption, but the first paragraph of the amended complaint stated that Livingston was being sued as an individual. Id. Defense counsel advised Plaintiff's counsel on January 5 and 6, 2023, that he had been retained to represent the individuals named in the suit, but only had authority to accept service on behalf of Peterson, Cleveland, Peeples, and Parrish. (DE 41-1.)

Plaintiff served her Third Discovery Requests on Defendant SCDC on December 27, 2022, seeking current or most recent contact information for all Defendants except Livingston. (DE 41-2.) Defense counsel responded on January 23, 2023, and provided the last known address and phone numbers for Pattman, Tucker-Allen, and Stephan. Id. The same day, Defense counsel informed Plaintiff he had been authorized to waive service for Stephan. (DE 41-3.) By email dated January 26, 2023, Defense counsel inquired whether Plaintiff intended to sue Livingston. Id. Plaintiff's counsel responded that she would revisit Livingston. Id.

Defense counsel emailed Plaintiff's counsel on March 4, 8, and 31, 2023, to inquire whether Livingston was being sued and served. (DE 41-4, 41-5, and 41-6.) On March 8, 2023, Plaintiff's counsel also asked Defense counsel whether he would consent to a motion for an extension to serve Pattman and Tucker-Allen, and Defense counsel gave consent. (DE 41-4.) Plaintiff moved for, and was granted, a 60-day extension of time in which to effect service on Pattman and Tucker-Allen. (DE 34, 35.)

Plaintiff first asked for Livingston's address on April 28, 2023, and indicated she intended to "simply amend and correct the caption." (DE 41-5.) Defense counsel provided Livingston's

2

last known address to Plaintiff's counsel on May 4, 2023. (DE 41-5.) On May 5, 2023, Plaintiff provided a draft of a proposed consent motion regarding an extension of time to serve Pattman and Livingston. (DE 41-6); see also Rule 4(m) Fed. R. Civ. P. ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Defense counsel responded that he did not consent as to Livingston and noted that Plaintiff's motion contained false information. (DE 41-6.)

As a result, Plaintiff filed a motion for an extension of time to serve Pattman and Livingston. The Report was issued on May 30, 2023, recommending that "Plaintiff has not shown good cause for failure to effect service on Livingston or Pattman." (DE 42, p. 3.) The Report also notes that

> The email correspondence reveals Plaintiff failed to respond to Defense counsel's multiple inquiries as to whether she planned to proceed against Livingston, who is not even named in the caption. As to Pattman, Plaintiff has not shown good cause as to why she has not effected service on Pattman within 150 days. Although she states he has evaded service at his house, she fails to provide any detail regarding attempts to serve Pattman.

(DE 42, p. 4.)

## DISCUSSION

On June 13, 2023, Plaintiff filed an objection to the Report. (DE 44.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the

3

district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's objection is a summary of her efforts to serve Pattman and Livingston coupled with a request for an additional 30 days to perfect service. However, Plaintiff does not offer an explanation for the Report's findings regarding delay and failure to respond to Defense Counsel regarding Plaintiff's effort to name Livingston as a defendant or perfect service upon him, or why service could not be perfected on Pattman. See e.g., Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'"). Courts have declined to give it a concrete definition for good cause, preferring to analyze a number of factors which include "whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Id. Plaintiff's good cause for delay appears to center on the need for an accurate address, driver's license, or alternate contact information from the Defendants. While having this information from

Defendants may be helpful, it does not satisfy the good cause standard required under Rule 4(m). Moreover, although Plaintiff has made multiple attempts at service, those efforts lacked diligence and reasonableness given the fact that this case has been pending for eighteen months.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified herein.

It is, therefore, **ORDERED** that Plaintiff's Motion for an Extension of Time to Serve Pattman and Livingston (DE 40) is denied as provided herein.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 1, 2023