IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosa Alba Licon as Personal Representative of the Estate of Clemente Licon,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections, Officer Hunter Peterson, Officer Micquel Cleveland, Officer Thomas Pattman, Officer Tucker-Allen, Major James Parrish, Associate Warden Lashawn Peeples, and Warden Michael Stephan,<br><br>Defendants. | Case No.: 1:21-4019-JD-SVH<br><br><br>**ORDER** |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 52.) Plaintiff Rosa Alba Licon, as Personal Representative of the Estate of Clemente Licon ("Licon" or "Plaintiff"), and Defendants South Carolina Department of Corrections, Officer Hunter Peterson, Officer Micquel Cleveland, Officer Thomas Pattman, Officer Tucker-Allen, Major James Parrish, Associate Warden Lashawn Peeples, and Warden Michael Stephan (collectively "Defendants"), have filed a joint motion to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

dismiss the federal claims and they seek a remand to State court for resolution of the remaining state law claim. (DE 51.)

Plaintiff's amended complaint contains a cause of action for survival (S.C. Code Ann. § 15-5-90) under state law and a cause of action for violating the decedent's constitutional rights pursuant to 42 U.S.C. § 1983. In the parties' joint motion to remand, Plaintiff consents to the dismissal with prejudice of the federal claims, and they jointly request this matter be remanded.

The Report was issued on November 20, 2023, recommending Plaintiff's Joint Motion for Dismissal be granted with prejudice and that "the district judge decline to exercise supplemental jurisdiction and grant the parties' joint motion to remand this case." (DE 52.) No objections to the Report were filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 52) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Joint Motion for Dismissal of Federal Claims with prejudice is granted. Additionally, the court declines to exercise supplemental jurisdiction, and this matter is remanded to the Court of Common Pleas for Richland County, South Carolina.

**IT IS SO ORDERED.**

                                                Joseph Dawson, III
                                                United States District Judge

Florence, South Carolina
January 16, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.